ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeals of --                              )
                                           )
American International Contractors, Inc.    )    ASBCA Nos. 60948, 61166
                                           )
Under Contract No. W912ER-14-C-0002        )

APPEARANCES FOR THE APPELLANT:        Scott M. Heimberg, Esq.
                                      Mark J. Groff, Esq.
                                        Akin Gump Strauss Hauer & Feld LLP
                                        Washington, DC

APPEARANCES FOR THE GOVERNMENT:       Michael P. Goodman, Esq.
                                        Engineer Chief Trial Attorney
                                      Rebecca L. Bockmann, Esq.
                                      Sarah L. Hinkle, Esq.
                                        Engineer Trial Attorneys
                                        U.S. Army Engineer District, Middle East
                                        Winchester, VA

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL
ON APPELLANT'S MOTION FOR RECONSIDERATION

Appellant, American International Contractors, Inc. (AICI), moves for reconsideration of our decision in *American International Contractors, Inc.*, ASBCA Nos. 60948, 61166, 18-1 BCA ¶ 37,061, in which we denied AICI's motion for summary judgment and granted-in-part and denied-in-part the government's cross-motion for summary judgment. We deny the motion.

DECISION

The standards for deciding a motion for reconsideration are well established. Reconsideration does not provide a party an opportunity to reargue issues that were previously raised and decided. *Precision Standard, Inc.*, ASBCA No. 58135, 16-1 BCA ¶ 36,504 at 177,860. The movant must establish a compelling reason to modify the earlier decision. *Id.* We look to whether the movant presents newly discovered evidence, mistakes in findings of fact, or errors of law. *Id.* A motion for reconsideration does not provide a litigant a "second bite at the apple" or the opportunity to advance arguments that properly should have been presented in an earlier proceeding. *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014).

As we described in our decision, this appeal involves a unilateral Modification, No. P00011, issued after AICI had completed the work and demobilized from the site. Modification No. P00011 added 232 days and $168,710 to perform four discrete items of work. (A subsequent unilateral modification, Modification No. P00012, extended the time period by an additional 59 days.) *AICI*, 18-1 BCA ¶ 37,061 at 180,410. AICI contends that, as a result of this modification, the government should also return $159,055 in withheld liquidated damages, for total compensation of $327,765.

In the briefing on the cross-motions for summary judgment, it was undisputed that the modification's value ($168,710) and term (232 days) came directly from AICI's proposal (GSMF ¶ 8; app. reply to GSMF ¶ 8; R4, tabs 19, 92). While AICI ultimately refused to sign the modification, it was undisputed that its stated reason was that it wanted an unspecified additional amount for oversight of the work (*id.*). Prior to issuance of the modification, neither party brought up a return of the liquidated damages. *AICI*, 18-1 BCA ¶ 37,061 at 180,410. Nevertheless, AICI is unhappy that it did not receive something it never requested during the negotiations.

As we stated, Federal Acquisition Regulation (FAR) 52.211-13, TIME EXTENSIONS (SEP 2000), provides that when the contracting officer issues a modification for changed work, he or she may also provide for an "equitable readjustment" of liquidated damages. *AICI*, 18-1 BCA ¶ 37,061 at 180,409-10. Similarly, FAR 52.243-4, CHANGES (JUN 2007), requires the contracting officer to make an "equitable adjustment" when changed work increases or decreases the price of the work or the time required. One of the central flaws in AICI's argument is that it has never attempted to show that the $168,710 it received was inequitable based on the work it performed, or that $327,765 would have been more equitable.

Despite failing to show that it did not receive equitable compensation in Modification No. P00011, AICI nevertheless predicts dire consequences from our decision. It contends that the decision will have "a far reaching harmful effect on the administration of Government contracts" because the government will be able to order new work after substantial completion without losing withheld liquidated damages. (App. mot. at 7) We are not convinced. Contracting officers will still be constrained by the requirement to make equitable adjustments pursuant to the Changes clause.

Having failed to show that Modification No. P00011 was somehow inequitable, AICI also has not attempted to show either through the language of Modification No. P00011 or extrinsic evidence that the government intended to release the liquidated damages. Instead, AICI goes in a different direction. Its argument seems to be that the contracting officer simply blundered into giving away the liquidated damages (*see* app. mot. at 6: "Whether the Government misunderstood the contract it drafted, or the applicable case law, or the consequences of its own unilateral actions, [it] is the Government's burden to bear."). We disagree for the reasons stated in our

decision including that the Time Extensions clause specifically granted the contracting officer the authority to change the completion date for one portion of the work while leaving all other completion dates in effect and that the contracting officer specified in the modification that the period of performance for all other work under the contract remained the same. *AICI*, 18-1 BCA ¶ 37,061 at 180,411-12.

AICI contends that we made a variety of errors in our decision. We address several of its contentions.[1]

AICI's first, second, third and sixth assignments of error all stem from the unilateral nature of Modification No. P00011. Its contentions are not entirely consistent. While on the one hand it suggests that the contracting officer did not understand the contract or modification and effectively gave away the liquidated damages, it also decries the "self-serving language" in the modification and contends we erred by "deferring" to this self-serving language (app. mot. at 2 (first and third contentions of error)). But AICI simply makes conclusory statements rather than developing an argument.

Similarly, AICI faults the Board for applying standard rules of contract interpretation, including "the plain meaning rule," to Modification No. P00011 (app. mot. at 2 (second contention of error)). AICI's description of our opinion is incomplete, however. Near the beginning of our legal analysis we briefly stated some standard rules of contract interpretation, including that we begin with the plain language of the contract, which we interpret to give reasonable meaning to all its parts. *AICI*, 18-1 BCA ¶ 37,061 at 180,411 (citing *Gardiner, Kamya & Associates, P.C. v. Jackson*, 467 F.3d 1348, 1353 (Fed. Cir. 2006)). We then analyzed the Time Extensions clause, which was part of the original contract. We concluded that this clause provided the contracting officer authority to extend the completion date only for the work affected by the modification, while leaving in place other completion dates.

Later in the decision we also examined the language in Modification No. P00011 to determine whether its language supported the government's contention that it preserved the assessed liquidated damages. We concluded that "P00011 clearly carved out a separate completion date for the new work while preserving liquidated damages already assessed." *AICI*, 18-1 BCA ¶ 37,061 at 180,411. Certainly, it would have been relevant,

---

[1] In a brief of just over six pages, AICI spends a fair amount of space at the beginning and end making what are not so much legal arguments but rather complaints about the government. Thus, we will not address its complaints that the government only mentioned one time in its brief that Modification No. P00011 was unilateral or whether the contracting officer fairly characterized Modification No. P00011 (which was 1.7% of the contract value when executed) as "minor."

and perhaps dispositive, if the language of Modification No. P00011 did not support the government's position. Thus, we continue to believe it was proper to ascertain the plain meaning of the entire contract, including the modifications. It is not clear what rules of contract interpretation AICI would have us apply in place of those we cited.

AICI also contends that we erred "by relying on *Gardiner*...and purportedly resorting to 'extrinsic' evidence to determine whether the language of Modification Nos. P00011 and P00012 was 'clear'" (app. mot. at 5 (sixth contention of error)). AICI somewhat overstates what we did. Like the Federal Circuit in *Gardiner*, we reached our decision based on the language of the contract. Only then did we perform a cross check of that determination by looking at the negotiating history of the modification. *Gardiner*, 467 F.3d at 1354. If, for example, that negotiating history revealed a government promise to refund liquidated damages, we might have a different case, but we found no such evidence.

AICI's longest contention of error concerns *Sundt Construction, Inc.*, ASBCA No. 57358, 11-1 BCA ¶ 34,772, *aff'd*, 469 F. App'x 916 (Fed. Cir. 2012) (app. mot. at 2-4). In its cross-motion for summary judgment, the government repeatedly cited *Sundt* (gov't resp. at 10, 12, 14, 16). AICI submitted an opposition to the cross-motion but failed to address the government's *Sundt* arguments. Its belated attempt to do so now is a quintessential improper basis for reconsideration.

In any event, AICI seems to read too much into our citation to *Sundt*. We cited that opinion only to answer the question of whether the government may ever add work to a contract while retaining liquidated damages already withheld. *Sundt* answers that question in the affirmative. *Sundt*, 11-1 BCA ¶ 34,772 at 171,118-19. We never stated that the *Sundt* facts are precisely the same as in this appeal.[2]

Finally, AICI contends that we misinterpreted the Time Extensions clause. It contends that the authority granted to the contracting officer in that clause does not allow her to unilaterally change the one completion date to which the parties agreed in the Liquidated Damages clause (app. mot. at 4-5).

---

[2] AICI also contends that an opinion we distinguished in *Sundt*, *J.G. Watts Construction Co.*, ASBCA Nos. 9462, 9463, 1963 BCA ¶ 3889, supports its position. AICI did not cite this opinion in its summary judgment briefs; we hold that it waived this argument. In any event, we distinguished *Watts* in the *Sundt* opinion because we read the modification in that earlier appeal as extending the completion date for all of the contract work, not just the discrete work at issue. *Sundt*, 11-1 BCA at 171,119-20 (citing *Watts*, 1963 BCA ¶ 3889 at 19,311). As we have found, Modification No. P00011 only extended the completion date for the work that was the subject of the modification.

The Time Extensions clause grants the contracting officer the authority to extend the completion date for the additional work and to adjust liquidated damages. Thus, the clause contemplates that the contracting officer may add work to the contract after liquidated damages have already been assessed, in other words, after the contractor is late in completing the work. The clause does not require the contracting officer to return the liquidated damages if she establishes a future date for completion of the work covered by the modification. Instead, it leaves it to her discretion, stating that she "may provide an equitable readjustment of liquidated damages." FAR 52.211-13. As we have already stated, AICI has not even attempted to show that the circumstances of the new work made it equitable to adjust the liquidated damages.[3]

## CONCLUSION

AICI's motion for reconsideration is denied.

Dated: October 29, 2018

MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[3] We have considered AICI's contentions concerning *Abcon Associates, Inc. v. United States*, 49 Fed. Cl. 678 (2001), but we conclude that it merely reiterates the same contentions from the underlying motions.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 60948, 61166, Appeals of American International Contractors, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
